IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MATTHEW ATKINSON,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:14-CV-1230
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition,* Respondent's *Motion to Dismiss,* Petitioner's *Traverse*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Motion to Dismiss*, ECF No. 4, be **GRANTED** and that this action be **DISMISSED**.

**Facts and Procedural History**

On March 12, 2014, Petitioner was charged with one count of vehicular homicide, one count of aggravated vehicular homicide, and one count of operating a vehicle under the influence of alcohol or drugs relating to the death of Chad Fields. ECF No. 4-1, PageID# 42. Petitioner pleaded guilty to aggravated vehicular homicide. PageID# 47. On November 13, 2013, the trial court imposed a sentence of six years of incarceration. PageID# 89-92. The Ohio Tenth District Court of Appeals further summarized the facts and procedural history of the case as follows:

> On March 12, 2012, a Franklin County Grand Jury indicted appellant with a variety of charges arising from a fatal two-car accident. Appellant was driving his car while intoxicated and crashed into another car, killing a person in that car. Appellant initially entered a not guilty plea to the charges but ultimately

1

> decided to enter a guilty plea to one count of aggravated vehicular homicide, a felony of the second degree. The trial court accepted appellant's guilty plea, found him guilty, and sentenced him to a prison term of six years.
>
> Appellant did not appeal his conviction or sentence. Instead, more than three months after his sentencing, he filed a motion to correct sentence, in which he argued that the trial court should change his sentence because the six-year prison term was not reasonable. The trial court denied appellant's motion for a number of reasons, including *res judicata*. The trial court also found that appellant's motion was a nullity because it was, in effect, an improper motion for reconsideration.
>
> II. The Appeal
>
> Appellant appeals the trial court's denial of his motion and assigns the following errors:
>
> [1.] Whether the trial court abused its discretion in ignoring the effects of PTSD.
>
> [2.] Whether the trial court abused its discretion in failing to adhere to the sentencing statutes.
>
> [3.] Whether the trial court abused its discretion by ignoring Appellant's rights of due process.

*State v. Atkinson,* No. 13AP-297, 2013 WL 5963095, at *1 (Ohio App. 10th Dist. Nov. 5, 2013).

On May 14, 2014, the Ohio Supreme Court dismissed the appeal. *State v. Atkinson*, 138 Ohio St.3d 1496 (Ohio 2014).

On February 14, 2014, Petitioner filed a motion for re-sentencing, arguing that imposition of court costs should be vacated. ECF No. 4-1, PageID# 179. On March 20, 2014, the trial court denied the motion. PageID# 192. The record reflects that Petitioner did not file an appeal.

2

On August 8, 2014, Petitioner executed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that he was denied the effective assistance of counsel, equal protection, and due process at sentencing. It is the position of the Respondent that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), and alternatively, that Petitioner's claims are noncognizable, fail to state a claim, or are procedurally defaulted.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the

> pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

Under the terms of 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced on December 13, 2012, thirty days after the judgment entry of sentence, when the time period expired to file a timely appeal. *See Groves v. Ohio Adult Parole Authority,* No. , 2011 WL 5005992, at *2 (S.D. Ohio Sept. 26, 2011); Ohio R. App. P. 4(A); *see also Hale v. Warden, London Corr. Inst.*, No. 1:05cv213, 2006 WL 3230856, at *8 (S.D. Ohio Nov. 6, 2006) (conviction final when the thirty day period expired for filing an appeal as of right to the court of appeals from the trial court's final judgment entry).  The statute of limitations ran for a period of 76 days, when on February 28, 2013, when Petitioner filed the motion to correct sentence in the state trial court.  If that motion tolled the running of the statute of limitations, this action is timely filed.  If it did not, this case is time-barred.

In *Artuz v. Bennett*, 531 U.S. 4 (2000), the United States Supreme Court interpreted the AEDPA's tolling provision and in particular whether a petition is "properly filed, as that term is used in the statute:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. *See, e.g., United States v. Lombardo*, 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897 (1916) ("A paper is filed when it is delivered to the proper official and by him received and filed"); Black's Law Dictionary 642 (7th ed.1999) (defining "file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record").  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether

> the claims contained in the application are meritorious and free of procedural bar.

*Id.* at 8 (footnote and citation omitted). The Supreme Court in *Artuz* rejected the state's argument that an application for state post-conviction or other collateral relief is not "properly filed" for purposes of § 2244(d)(2) unless it complies with all mandatory state-law procedural requirements that would bar review on the merits. *Id*. at 7. A post-conviction petition dismissed by the state courts as untimely, however, is not "properly filed" under § 2244(d)(2) and does not toll the running of the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Gorman v. Brunsman*, No. 1:03CV865-SJD, 2006 WL 1645066, at *7 (S.D. Ohio June 7, 2006) (citing *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003); *Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001)). On the other hand, a post-conviction petition denied as barred under Ohio's doctrine of *res judicata* may toll the running of the statute of limitations. *See Liles v. Jeffries*, No. 3:06-cv-1917, 2008 WL 4812212, at *3 (N.D. Ohio Oct. 30, 2008)(the denial of a motion on the basis of *res judicata* has no bearing on whether the document is properly filed)(citing *Lucas v. Carter*, 46 F.Supp.2d 709, 712 (N.D. Ohio March 23, 2009)).

Here, the state appellate court denied Petitioner's motion to correct sentence as follows:

> A. Appellant's Motion for Reconsideration of a Final Judgment is a Nullity
>
> First, we agree with the trial court that appellant's motion was a nullity because it was, in effect, a motion for reconsideration. Appellant argued in his motion that the trial court should modify his sentence. The judgment imposing appellant's sentence was a final judgment which appellant did not appeal. There is no authority for the filing of a motion for reconsideration of a final judgment at the trial court level in a criminal case. *State v. Leach*, 12th Dist. No. CA2004–02–011, 2005–Ohio–2370, ¶ 6; *State v. Steele*, 10th Dist. No. 05AP–92, 2005–Ohio–4786, ¶ 9. Lacking that authority, such a motion is a nullity. Id. Thus, to the extent that appellant's motion asked the trial court to reconsider the sentence it previously imposed

5

> upon him, the motion was a nullity because the trial court could not reconsider its own valid final judgment. *State v. Wilson*, 10th Dist. No. 05AP–939, 2006–Ohio–2750, ¶ 9, citing *Steele* at ¶ 11; *State v. Glenn*, 4th Dist. No. 11CA931, 2012–Ohio–3190, ¶ 10.

*State v. Atkinson*, 2013 WL 5963095 at *1.[1] Hence, the appellate court construed Petitioner's motion as a motion for reconsideration, and as such, found it be a "nullity" under Ohio law, which does not permit reconsideration of a final judgment at the trial court level in a criminal case.[2] That being the case, the Court concludes that the motion was not "properly filed" so as to toll the running of the statute of limitations under § 2244(d)(2). *See Campbell v. Warden*, No. 1:08-cv311, 2009 WL 6594326, at *6 n.4 (S.D. Ohio July 14, 2009) (noting that a motion for reconsideration cannot be taken into account for tolling purposes under 28 U.S.C. § 2244(d)(2)). Petitioner's February 2014 motion for resentencing had no effect on the running of the statute of limitations because Petitioner filed that motion long after the statute of limitations had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (The tolling provision of § 2244(d)(2) "does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run"). Further, Petitioner has not alleged any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 561 (2010) (holding one-year statute of limitations under § 2244 is subject to equitable tolling in appropriate cases). Therefore, the statute of limitations began to

---

[1] The appellate court also denied the motion as barred under Ohio's doctrine of *res judicata*, based on Petitioner's failure to raise the claims on direct appeal.

[2] This Court defers to a state's interpretation of its own laws. *See Allsup v. Sheldon*, No. 3:11–cv–2210, 2013 WL 3200641, at *4 (N.D. Ohio June 24, 2013) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)).

run on December 13, 2012 and expired one year later, on December 13, 2013. Petitioner waited until August 6, 2014 to execute this habeas corpus petition. The Petition is untimely.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, ECF No. 4, be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

Date: June 15, 2015